# United States Court of Appeals
## For the First Circuit

No. 03-1588

EDUCADORES PUERTORRIQUEÑOS EN ACCIÓN ET AL.,

Plaintiffs, Appellants,

v.

CÉSAR REY HERNÁNDEZ, IN HIS PERSONAL CAPACITY AND AS SECRETARY OF
THE PUERTO RICO DEPARTMENT OF EDUCATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Francisco R. Gonzalez, with whom F. R. Gonzalez Law Office was
on brief, for appellants.
Hector J. Benitez Arraiza, with whom Luiselle Quiñones
Maldonado and Llovet Zurinaga & López, P.S.C. were on brief, for
appellee.

May 10, 2004

**SELYA, Circuit Judge.** For years, courts in this circuit have required plaintiffs to satisfy a heightened pleading standard in civil rights actions. We recently have retreated from this view in specified instances. Today, however, we are presented with an opportunity to reexamine the propriety of this praxis globally in light of emergent Supreme Court precedent. Because neither the Civil Rules nor any applicable statute authorizes the imposition of a heightened pleading standard for civil rights actions, we disclaim our earlier practice and overrule the decisions authorizing it. Since the district court's determination rests on that heightened pleading standard, we vacate the order of dismissal and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

A brief recitation of the facts suffices to situate the pivotal legal issue. As is always the case on a Rule 12(b)(6) dismissal, we accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor. LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).

Puerto Rico's so-called electoral prohibition — a ban on certain public-sector personnel actions during the two months preceding and the two months following a general election, see 3 P.R. Laws Ann. § 1337 — lies at the heart of this controversy. In the November 7, 2000 gubernatorial election, the voters ousted the

-2-

reigning New Progressive Party (NPP) and elected the candidate of the rival Popular Democratic Party (PDP). The plaintiffs, all members of the NPP, are career employees of the Puerto Rico Department of Education (PRDE). Each of them was hired, reclassified, reinstated, and/or granted a pay increase by the outgoing administration during the electoral prohibition period. When the new regime took office, its functionaries declared these personnel actions null and void and informed the plaintiffs that they would be returned to the status quo ante.

Dismayed by this reversal of fortune, the plaintiffs banded together and brought suit against the Secretary of the PRDE (in both his individual and official capacities). Their complaint invoked 42 U.S.C. § 1983 and alleged (i) discrimination based on political affiliation in violation of the First Amendment, and (ii) a deprivation of property without due process of law in violation of the Fourteenth Amendment. These charges were based largely on the plaintiffs' assertion that the pre-regime-change personnel actions were valid due to officially authorized (or at least routinely tolerated) exemptions from the electoral prohibition.

The defendant (appellee here) moved to dismiss the complaint for failure to state an actionable claim, Fed. R. Civ. P. 12(b)(6), and the district court obliged. See Educadores Puertorriqueños En Acción v. Rey Hernández, 257 F. Supp. 2d 446 (D.P.R. 2003). In reaching its decision, the court applied "the

heightened pleading requirement established by the First Circuit in civil rights cases." Id. at 452 (citing Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)). In the court's view, this standard required the plaintiffs to include in their complaint subsidiary facts sufficient to support their allegations that political animus was the driving force behind the rescission of the favorable personnel actions and that those actions came within exceptions to the electoral prohibition. Id. at 452-53. Because the plaintiffs' complaint failed to achieve this degree of specificity, the court dismissed the action. Id. at 454. This appeal ensued.

## II. DISCUSSION

Our analysis begins with an examination of the district court's conclusion that this court has established a heightened pleading standard for some, if not all, civil rights cases. We then turn to the relevant Supreme Court case law and inquire whether the Court's recent pronouncements, especially its decision in Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), have effectively undermined our allegiance to a heightened pleading standard in civil rights cases. Answering this inquiry in the affirmative, we vacate the order of dismissal and remand for further proceedings consistent with this opinion.

Historically, this court has expressed concern about the use of skeletal pleadings in civil rights cases. Our concern was

prompted in part by a fear that so loose a structure might needlessly embroil officials in contrived litigation, in part by worries that it might facilitate widespread misuse of section 1983, and in part by the desire not to erode the salutary protections afforded by the doctrine of qualified immunity. See, e.g., Dewey v. Univ. of N.H., 694 F.2d 1, 3-4 (1st Cir. 1982); Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977). Consequently, we traditionally have held plaintiffs alleging civil rights violations to something more stringent than mere notice pleading. See, e.g., Boston & Me. Corp. v. Town of Hampton, 987 F.2d 855, 866 (1st Cir. 1993) ("[A] heightened requirement of specificity is well established for . . . allegations of civil rights violations."); Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16-17 (1st Cir. 1989) ("[T]he key question is whether plaintiffs assembled specific facts adequate to show or raise a plausible inference that they were subjected to race-based discrimination." (emphasis supplied)). Under this enhanced standard, it is not enough that a complaint give a defendant notice of a plaintiff's claim and the grounds upon which that claim rests. Rather, "[t]he alleged facts must specifically identify the particular instance(s) of discriminatory treatment and, as a logical exercise, adequately support the thesis that the discrimination was unlawful." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 53 (1st Cir. 1990).

Although this heightened pleading standard in some shape or form has proven to be a hardy plant, we have from time to time reexamined the appropriateness of its application. Those reappraisals took place in response to two recent Supreme Court cases. See Crawford-El v. Britton, 523 U.S. 574 (1998); Leatherman v. Tarrant County Narcotics Intell. & Coord. Unit, 507 U.S. 163 (1993). We turn next to those decisions.

In Leatherman, the Court rejected a heightened pleading standard imposed by the Fifth Circuit in a case alleging municipal liability under section 1983. Two concerns animated the decision. First, the Court found the heightened pleading standard difficult to square with the liberal system of notice pleading created by the Civil Rules. Leatherman, 507 U.S. at 168 (discussing Fed. R. Civ. P. 8(a)(2)). Second, the Court found no compelling reason to erect barriers to discovery in a municipal liability action, considering the well-established rule that — unlike various government officials — municipalities do not enjoy qualified immunity. Id. at 166-67. At the very least, Leatherman precluded the use of a heightened pleading standard in section 1983 cases brought against municipalities. Accord Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 n.6 (1st Cir. 2002); Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 35 (1st Cir. 1996); Atchinson v. District of Columbia, 73 F.3d 418, 421 (D.C. Cir. 1996); Edgington v. Mo. Dep't of Corr.,

52 F.3d 777, 779 n.3 (8th Cir. 1995); Schultea v. Wood, 47 F.3d 1427, 1432 (5th Cir. 1995) (en banc).

Five years after Leatherman, the Supreme Court decided Crawford-El. There, the Court mulled a heightened evidentiary standard adopted by the D.C. Circuit in constitutional tort actions that demanded proof of improper motive and were brought against government officials in their individual capacities. The D.C. Circuit had required plaintiffs in such cases to adduce "clear and convincing evidence" of improper motive in order to defeat motions for summary judgment. Crawford-El, 532 U.S. at 584. On review, the Supreme Court ruled that this evidentiary burden was too heavy. Id. at 594-97.

Crawford-El was not a pleading case simpliciter — it dealt with the appropriate quantum of evidence and arose on summary judgment. Nevertheless, the circumstances were sufficiently analogous for us to question whether the Court's comments torpedoed our heightened pleading standard. In Judge v. City of Lowell, 160 F.3d 67 (1st Cir. 1998), a panel of this court ruled that our heightened pleading standard survived, at least in a case brought against an individual government official "alleging a constitutional violation calling for proof of an illegal motive." Id. at 73. In reaching that conclusion, the panel placed heavy reliance on dictum in which the Crawford-El Court indicated its awareness of the difficulties inherent in trying to dispose of

insubstantial civil rights claims when those claims hinge on an official's state of mind. See id. at 74. In that dictum, the Court stated that "the [trial] court may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment." Crawford-El, 523 U.S. at 598 (citation and internal quotation marks omitted). Based on this statement, the Judge panel concluded "that the five Justices writing for the Court in Crawford-El permitted an approach similar to ours in Dartmouth Review and Correa-Martinez . . . — although the Court limited its carefully-phrased endorsement of that approach to constitutional claims in which 'improper motive' was an essential element for plaintiff to prove." Judge, 160 F.3d at 74. The panel therefore reiterated that an official's improper motive must "be pleaded by alleging specific non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone." Id. at 72 (citing Correa-Martinez, 903 F.2d at 53).

Whatever window of opportunity we thought remained open after Crawford-El has been slammed shut by the Supreme Court's subsequent decision in Swierkiewicz. There, the Court rejected the Second Circuit's requirement that a plaintiff claiming employment discrimination include in his or her complaint "specific facts establishing a prima facie case of discrimination." 534 U.S. at

-8-

508. In so holding, the Swierkiewicz Court explained that the simplified pleading standard limned in Fed. R. Civ. P. 8(a) "applie[s] to all civil actions, with limited exceptions." Id. at 513. Although the Court did not furnish a complete list of exceptions, it specifically distinguished cases of fraud and mistake, for which the Civil Rules themselves dictate the application of a heightened pleading standard. Id. (citing Fed. R. Civ. P. 9(b)). In contrast, the Court noted that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." Id. at 515.

Since the date of that decision, the district courts in the First Circuit have existed in a state of uncertainty as to the relationship (if any) between the Court's analysis in Swierkiewicz and our own endorsement of a heightened pleading standard for use in civil rights cases. Some decisions have adhered to circuit precedent and, like the decision below, have continued to enforce a heightened pleading standard. See, e.g., Data Research Corp. v. Rey Hernandez, 261 F. Supp. 2d 61, 73-74 (D.P.R. 2003); Lorenzo v. Gallant, 2002 WL 31833751, at *8-*9 (D. Mass. Dec. 16, 2002). Others have abandoned that standard, treating Swierkiewicz as having effectively overruled Judge and the earlier cases on which Judge depended. See, e.g., Torres Ocasio v. Melendez, 283 F. Supp. 2d 505, 512-13 (D.P.R. 2003); Greenier v. Pace, Local No. 1188, 201 F. Supp. 2d 172, 176-77 (D. Me. 2002). A third group of cases have

-9-

elevated discretion above valor and studiously avoided the choice. See, e.g., Hernandez Carrasquillo v. Rivera Rodriguez, 281 F. Supp. 2d 329, 332 (D.P.R. 2003); Dellairo v. Garland, 222 F. Supp. 2d 86, 89-90 (D. Me. 2002). Although two recent cases from this court have outlawed the use of a heightened pleading standard in specific instances and hinted broadly that a heightened pleading standard for all civil rights cases (no matter what the circumstances) is a thing of the past, see Torres-Viera v. Laboy-Alvarado, 311 F.3d 105, 108 (1st Cir. 2002) (observing, without acknowledging Judge, that "plaintiffs are not held to higher pleading standards in § 1983 actions"); Gorski, 290 F.3d at 473 (confirming that Swierkiewicz precludes the use of a heightened pleading standard in the particular subset of civil rights cases known as employment discrimination suits), neither of these decisions diagnosed Judge's continued viability. Moreover, neither of them ventured to say outright whether Swierkiewicz pretermits the use of a heightened pleading standard in all civil rights cases. We think that the time has come to address that wider question head-on and allay all doubt.

The recent Supreme Court jurisprudence, catalogued above, evinces a developing trend. This trend has approached crystalline form with Swierkiewicz. The Court evidently has decided to place greater emphasis on the source of a pleading standard than on the instances in which it is applied. By this we mean that the Court

has signaled its disapproval of <u>all</u> heightened pleading standards except those that emanate from either congressional or Rule-based authority. Strong language in <u>Swierkiewicz</u> makes plain that federal courts should refrain from crafting heightened pleading standards, regardless of the special circumstances those standards are intended to address. In the Court's words: "A requirement of greater specificity for particular claims is a result that 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" <u>Swierkiewicz</u>, 534 U.S. at 515 (quoting <u>Leatherman</u>, 507 U.S. at 168); <u>cf.</u> <u>Crawford-El</u>, 523 U.S. at 595 (commenting that "questions regarding pleading, discovery, and summary judgment are most frequently and most effectively resolved either by the rulemaking process or the legislative process").

The handwriting is on the wall. <u>Swierkiewicz</u> has sounded the death knell for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires that result.[1] In all other cases, courts faced with the task of adjudicating motions to dismiss under Rule 12(b)(6) must apply the notice pleading requirements of Rule 8(a)(2). Under that rule, a complaint need only include "a short and plain statement of the claim showing that the pleader is

---

[1]The appellee notes that <u>Swierkiewicz</u> is a Title VII case and suggests that its teachings should be confined to that sphere. The Court's broad and unequivocal language belies that suggestion. In our view, <u>Swierkiewicz</u> is fully applicable to all civil rights actions.

-11-

entitled to relief."  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  State of mind, including motive and intent, may be averred generally.  Cf. Fed. R. Civ. P. 9(b) (reiterating the usual rule that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally").  In civil rights actions, as in the mine-run of other cases for which no statute or Federal Rule of Civil Procedure provides for different treatment, a court confronted with a Rule 12(b)(6) motion "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

Given the lessons of Swierkiewicz, our duty is made manifest.  We join several of our sister circuits in holding that there are no heightened pleading standards for civil rights cases.[2] See Phelps v. Kapnolas, 308 F.3d 180, 186-87 & n.6 (2d Cir. 2002) (per curiam); Galbraith v. County of Santa Clara, 307 F.3d 1119,

_____

[2]Following the procedure described in Gallagher v. Wilton Enterprises, Inc., 962 F.2d 120, 124 n.4 (1st Cir. 1992) (per curiam), the proposed panel opinion in this case has been circulated to all active judges of the court prior to publication, and none has interposed an objection to the panel's overruling of prior circuit precedent.  We caution that this procedure does not convert this opinion to an en banc decision nor does it preclude a suggestion of rehearing en banc on any issue in the case, whether or not related to the panel's treatment of the appropriate pleading standard for civil rights actions.

1121, 1123-26 (9th Cir. 2002); Goad v. Mitchell, 297 F.3d 497, 502-03 (6th Cir. 2002); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); Currier v. Doran, 242 F.3d 905, 911-17 (10th Cir. 2001); see also 2 James Wm. Moore et al., Moore's Federal Practice § 9.10[2], at 9-66 (3d ed. 2004).

Let us be perfectly clear. The rule that we announce today is not contingent on the type of civil rights case, the capacity in which a particular defendant is sued, the availability vel non of a qualified immunity defense, or the need (or lack of need) for proof of illegal motive. All civil rights actions are subject to Rule 8(a)'s notice pleading regime. To the extent that preexisting circuit precedent contradicts this holding, we regard that precedent as abrogated by recent Supreme Court case law.

We hasten to add that the demise of our traditional heightened pleading standard does not leave either government officials or district courts at the mercy of overly aggressive plaintiffs. The Court itself has pointed the way: "[g]iven the wide variety of civil rights and 'constitutional tort' claims that trial judges confront, broad discretion in the management of the factfinding process may be more useful and equitable to all the parties than [categorical rules imposed by the appellate courts]." Crawford-El, 523 U.S. at 600-01. To lend credibility to this statement, the Court has taken pains to assure its audience that a number of alternatives are available to aid trial courts in early

detection of potentially meritless claims. See Swierkiewicz, 534 U.S. at 514; Crawford-El, 523 U.S. at 598-600; Leatherman, 507 U.S. at 168-69. A trial court may, for example, order the plaintiff to reply to the defendant's answer to the complaint, see Fed. R. Civ. P. 7(a); grant the defendant's request for a more definite statement, see Fed. R. Civ. P. 12(e); or tailor discovery narrowly to protect the defendant from "annoyance, embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c). In extreme cases, a court may protect public officials from harassment either by sanctioning plaintiffs who file papers that are lacking in factual support, see Fed. R. Civ. P. 11, or by dismissing forma pauperis suits that are "frivolous or malicious," 28 U.S.C. § 1915(e)(2). And, finally, summary judgment remains a viable option in civil rights cases in which the plaintiff's aspirations exceed the proof that he or she can muster. See Fed. R. Civ. P. 56.

To all of this, we add a coda. Our decision here should not be read as an abandonment of our oft-quoted statement that "notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger." Dartmouth Review, 889 F.2d at 16. Two points come readily to mind.

First, we note that the Swierkiewicz Court, 534 U.S. at 513 n.4, embraced the illustrative pleading set forth in the forms appended to the Federal Rules of Civil Procedure. The Court cited approvingly Form 9's "complaint for negligence in which plaintiff

simply states in relevant part:  'On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.'" Id. (quoting Form 9); cf. Fed. R. Civ. P. 84 (explaining that the appended forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate").  From this we intuit that, in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why — although why, when why means the actor's state of mind, can be averred generally.  As we have said in a non-civil-rights context, the requirements of Rule 8(a)(2) are minimal — but "minimal requirements are not tantamount to nonexistent requirements." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

Second, in considering motions to dismiss courts should continue to "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (citation and internal quotation marks omitted).  Such eschewal is merely an application of Rule 8(a)(2), not a heightened pleading standard uniquely applicable to civil rights claims. See Correa-Martinez, 903 F.2d at 52-53 (treating the general no-bald-assertions standard and the heightened pleading standard for civil rights cases as two separate

-15-

requirements); see also Higgs, 286 F.3d at 439 (rejecting the idea of "special pleading rules for prisoner civil rights cases," but nonetheless requiring complaints to meet some measure of specificity).  As such, we have applied this language equally in all types of cases.  See, e.g., Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002) (holding plaintiff to this standard in a bankruptcy action); LaChapelle, 142 F.3d at 508 (holding plaintiff to this standard in an action alleging breach of contract and intentional infliction of emotional distress).  We will continue to do so in the future.

## III.  CONCLUSION

We need go no further.  To state the obvious, "prior circuit precedent [must] yield to a contrary decision of the Supreme Court."  Stewart v. Dutra Constr. Co., 230 F.3d 461, 467 (1st Cir. 2000).  So here:  the lower court applied a heightened pleading standard that, albeit drawn from preexisting case law, was impermissible under Swierkiewicz.  Hence, we vacate the order of dismissal and remand for further proceedings consistent with this opinion.


**Vacated and remanded**.