Gilberto **BATISTA RIVERA,**
Plaintiff(s)

v.

Gladys **GONZALEZ, et**
**als,** Defendant(s).

Civil No. 02–2874 (JAG).

United States District Court,
D. Puerto Rico.

Sept. 24, 2004.

Francisco R. Gonzalez–Colon, F.R. Gonzalez Law Office, San Juan, PR, for Plaintiff.

Felix M. Roman–Carrasquillo, Javier I. Arbona, Tessie Leal–Garabis, Quinones & Sanchez, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 31, 2002, plaintiff Gilberto Batista Rivera filed suit against defendant Gladys Gonzalez (hereinafter "Gonzalez"), Rafael Martinez (hereinafter "Martinez"), in their personal and official capacities, Esteban Mujica (hereinafter "Mujica"), in his official capacity, and persons A to Z, alleging violations to his constitutional rights under 42 U.S.C.1983 and under the First and Fourteenth Amendments. Defendant Gonzalez, in her personal and offi-

cial capacities, and defendants Martinez and Mujica in their official capacities, filed a motion to dismiss on November 26, 2003 (Docket No. 29), which was unopposed. The motion argues that the claims against defendant Mujica should be dismissed as time-barred, and that the claims against defendants Gonzalez and Martinez should be dismissed for failure to state sufficient facts in support of his claims.

For the reasons discussed below, this Court will GRANT in part defendants' motion.

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery

under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### B. The action against defendant Mujica is time-barred

Plaintiff alleges in his complaint that the statute of limitations for filing the complaint was tolled by the filing of civil case no. 01–1660, *Alustia-Collazo v. Calderon.* However, defendant Mujica was not a defendant in that case. Therefore, the claims against defendant Mujica were not tolled by the filing of the previous action and are therefore time-barred.

### C. Failure to state sufficient facts in support of the claims against defendants Gonzalez and Martinez

While it is true that plaintiffs complaint reads like a vague political harangue, and provides no specific factual allegations to support the claims, nevertheless, it is established that "all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests". *Conley v. Gibson,* 355 U.S. 41, 46, ·78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also *Educadores Puertorriqueños en Accion v. Rey Hernandez,* 367 F.3d 61, 66 (1st Cir.2004). At this stage of the proceedings, this Court must give plaintiff the benefit of the doubt and accept plaintiff's allegations as true, though they may be poorly articulated and presented. However, it is possible that this case may be resolved once discovery has ended through a motion for summary judgment. For now, the motion to dismiss as to Gonzalez and Martinez must be denied.

### CONCLUSION

Therefore, this Court hereby **GRANTS** defendants motion to dismiss as to defendant Mujica, and **DENIES** the motion to dismiss as to defendants Gonzalez and Martinez. Judgment shall issue accordingly.

IT IS SO ORDERED.