Victor **AMADOR PARRILLA**,
Plaintiff(s)

v.

Ramon **AYALA SANTIAGO**,
et als, Defendant(s).

Civil No. 03–2168(JAG).

United States District Court,
D. Puerto Rico.

Sept. 27, 2004.

Raul Barrera–Morales, Hernandez Sanchez Law Firm, San Juan, PR, for Plaintiff.

Luis Felipe Negron–Rodriguez, San Juan, PR, for Defendant.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

On October 30, 2003, plaintiff Victor Amador Parrilla (hereinafter "Amador") filed suit against defendants Ramon Ayala Santiago (hereinafter "Ayala"), Fernando Vargas Arroyo (hereinafter "Vargas"), Angel Rodriguez Quiñones (hereinafter "Rodriguez"), and Miguel Mihaljevich (hereinafter "Mihaljevich"), in their personal and official capacities, alleging violations to his constitutional rights under the First, Fifth and Fourteenth Amendment, 42 U.S.C. § 1983, 1985, and 1988, 28 U.S.C. § 2201 and 2202, as well as under the Personnel Law of the Commonwealth of Puerto Rico and Article 1802 of the Civil Code of Puerto Rico (Docket No. 1). Co-defendants Ayala and Mihaljevich filed a motion to dismiss on December 16, 2003 (Docket No.

4), and plaintiff duly opposed on January 21, 2004 (Docket No. 7). On August 3, 2004, co-defendant Rodriguez filed a motion to join the pending motion to dismiss (Docket No. 24), which was granted on August 5, 2004 (Docket No. 25).

Co-defendants request the dismissal of the claims under the Fifth and Fourteenth Amendments, the claims under 42 U.S.C. § 1983 against defendants in their official capacity, and the allegations of political discrimination because they are time-barred. For the reasons discussed below, this Court grants in part and denies in part co-defendants' motion to dismiss.

## FACTUAL BACKGROUND[1]

Plaintiff Amador had a career position as Internal Services Representative III, in the San Juan Service Center of the Regulations and Permits Administration. He is a member of the New Progressive Party. Amador alleges that he has been persecuted and harassed by defendants since the new administration of the Popular Democratic Party came into power. Amador alleges that, among other things, he was stripped of his functions, and underwent such stress at work that he became ill and had to undergo surgery, which resulted in a prolonged absence from work due to a medical condition. Plaintiff Amador claims that, although he had provided defendants with a medical certificate, defendants brought disciplinary sanctions against him, submitted him to an administrative proceeding, and placed a written Admonition Letter in his permanent file. Finally, Amador alleges that the discrimination and harassment continue until the present day, as part of an effort to obtain his involuntary resignation from his employment.

1. The facts have been taken from the com-

## DISCUSSION

### A. Motion to Dismiss Standard

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Brown v. Hot, Sexy, and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id. at 23 (citing Correa-Martinez, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988).

### B. Fifth Amendment

Plaintiffs do not oppose defendants' request for dismissal of their Fifth Amendment claims. Therefore, this Court deems that it is not necessary to consider the arguments presented, and will dismiss said claims against defendants.

plaint (Docket No. 1).

## C. Fourteenth Amendment

Defendants contend that plaintiff has failed to state a claim under the Due Process Clause of the Fourteenth Amendment, and that plaintiff's claims are covered by the First Amendment. In addition, defendants also argue that plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Defendants' arguments, however, fail to support their position. This Court must deny defendants request to dismiss the Fourteenth Amendment claims.

## D. 42 U.S.C.1983

█ Defendants are also seeking to have the 1983 claims dismissed pursuant to Eleventh Amendment immunity. However, plaintiff is seeking injunctive and declaratory relief against defendants, and while Eleventh Amendment immunity provides protection to defendants *in their official capacity only* from an award of damages, it does not protect them from injunctive and declaratory relief. Therefore, defendants arguments as to Eleventh Amendment immunity, insofar as they address injunctive and declaratory relief, must be denied.

## E. Plaintiffs' claims are time-barred

█ Defendants argue that, because plaintiff claims to have been stripped of his duties once the new administration took power, his cause of action is time-barred, pursuant to the one-year the statute of limitations for the filing of such claims. However, it is clear from plaintiff's complaint that his allegations are not limited to the initial action of the alleged stripping of his duties, but rather comprise numerous related events that occurred well within the one-year time frame of the filing of this complaint. Therefore, plaintiff cause of action, under the continuing violation theory, is not time-barred.

In addition, defendants claim that plaintiff's cause of action under Article 1802 of the Civil Code of Puerto Rico is time-barred. This Court finds that plaintiff's cause of action for any allegations prior to October 30, 2002 is time-barred, but not for allegations occurring after that date.

Finally, and in view of *Educadores Puertorriquenos en Accion v. Rey Hernandez*, 367 F.3d 61, 66 (1st Cir.2004), this Court finds that plaintiff has sufficiently complied with the requirement of providing fair notice to defendants of what the plaintiff's claim is and the grounds upon which it rests. Defendants' motion to dismiss, with the exception of the Fifth Amendment claims and the claims for damages against defendants *in their official capacity only,* must be denied.

## CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** defendants motion to dismiss the Fifth Amendment claims only, and **DENIES** the dismissal of the claims under the Fourteenth Amendment, under 42 U.S.C. § 1983, and under Article 1802 of the Puerto Rico Civil Code (Docket No. 4). Defendants shall have **ten days** to file their answer to the complaint. Judgment shall issue accordingly.

IT IS SO ORDERED.