**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-1224

STEFANO PICCIOTTO, ET AL.,

Plaintiffs, Appellants,

v.

ALBERT P. ZABIN, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Stefano Picciotto, Judith Picciotto and Melita Picciotto on brief pro se.
Richard W. Renehan, Timothy J. Dacey, Mariana Korsunsky and Goulston & Storrs and Michael J. Stone and Peabody & Arnold, LLP, on brief for defendant-appellee attorneys.
Martha Coakley, Attorney General and Sarah M. Joss, Assistant Attorney General, on brief for defendants-appellees Robert Steadman and Mitchell J. Sikora, Jr., and Robert V. Costello, in his official capacity.

November 9, 2010

**Per Curiam**.  We have carefully reviewed the record and the parties' briefs and, for the following reasons, find no error either in the dismissal of appellants' complaint or in the imposition of attorneys' fees as a sanction.

1.  The two judges named as defendants are absolutely immune from appellants' claims for damages.

2.  Appellants lack standing to seek declaratory relief because all they aver is that the judges had violated their constitutional rights during the attorneys' fees case. That is, since that case is over, there simply is no possibility that appellants again will be subject to an occurrence of such alleged violations.  See Golden v. Zwickler, 394 U.S. 103, 109-10 (1969) (holding that plaintiff lacked standing to seek a judgment declaring a state statute unconstitutional where, although he had been prosecuted under the statute in the past, the chance of a second prosecution was too remote).

3.  Appellants fail to state a 42 U.S.C. § 1983 claim against the attorney-appellees despite their allegation that the attorneys had been "willful participant[s] in joint activity" with the judge presiding over the state case.  See Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 259 (1st Cir. 1993) (internal quotation marks and citation omitted).  First, the fact that one of the attorneys (a law school class-mate of the judge) had visited the judge at the

courthouse in order to ask whether the judge would consider being a trustee on the law school's alumni board is not enough to show a conspiracy. As the Massachusetts Appeals Court pointed out in the appeal of the state action, appellants never alleged (and do not now) that the pending case was mentioned during this meeting or that the judge had ever pursued the possibility of a trusteeship. See Zabin v. Picciotto, 896 N.E.2d 937, 961 (Mass. App. Ct. 2008). Therefore, there is just no evidence that the meeting had any connection to the pending fees litigation, and, as such, appellants' allegation in this regard need not be credited. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("in considering motions to dismiss courts should . . . eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets"; internal quotation marks and citation omitted).

We also need not credit appellants' assertion that the judge had agreed to reward the attorney-appellees financially in exchange for this same attorney's aid in arranging for the judge to be appointed to a higher court. There simply is no evidence of such an agreement, and appellants do not even attempt to provide an explanation concerning how the attorney could have arranged for such an appointment. Finally, the events that took place around the

time of Halloween similarly cannot be used to demonstrate the existence of a conspiracy. In particular, appellants' counsel was consulted about the matter, and having essentially agreed to the goings on, see Zabin, 896 N.E.2d at 961 & n.42 (noting that counsel voiced no objection), it is difficult to see how such could have been the result of joint action between the attorney-appellees and the judge.

4. We add only the following comments. First, we would still affirm the dismissal of appellants' complaint, even assuming (without deciding) that the district court had entered the dismissal sua sponte. That is, appellants' briefs on appeal clearly demonstrate that any amendment would have been futile. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001) (holding that a sua sponte dismissal may be upheld so long as "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption").

Second, the question whether the district court may have misunderstood our judgment in Appeal No. 01-1277 is moot. That is, the court plainly knew that the complaint still was pending, as it ended up dismissing the case on the merits. Moreover, in issuing the judgment, we did not review, nor express any opinion regarding, the merits of the complaint.

5.  Given all of the foregoing, the award of attorneys' fees was not an abuse of discretion.  Appellants filed suit against persons who clearly are not, except in extremely limited circumstances, amenable to suit under § 1983.  Moreover, in attempting to overcome such limitations, appellants made serious and detrimental allegations about these persons -- allegations which turned out to have no support in the record and which, apparently, had been made up out of thin air.  From this, we think appellants' bad faith is plain.  See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (holding that attorneys' fees may be assessed "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"; internal quotation marks and citations omitted).

The judgment of the district court is affirmed, and all pending motions are denied as moot.