# United States Court of Appeals
## For the First Circuit

Nos. 14-1050
    14-1052

DAMARIS APONTE-RAMOS; ELIZABETH DE JESUS-AFANADOR; OSVALDO
DE LA ROSA-VIDAL; MARTA I. FELICIANO-MONTILLA; JOSE
ARNALDO FLORES-GARCIA; WANDA I. GONZÁLEZ-SEGARRA; MARITZA
LEBRÓN-GARCÍA; DAMARIS MARTÍNEZ-GONZÁLEZ; SYLVIA
MARTÍNEZ-MARTÍNEZ; LUCY A. ORTIZ-RIVAS; DAVID PÉREZ-VÁZQUEZ;
NEIDA I. RAMOS-TORRES; LORNA S. RIVERA-CORREA; LYDIA
PRINCIPE-RODRIGUEZ;  CARLOS J. RIVERA-RIVERA; WANDA J.
SANTIAGO-SERRANO; MARYLIN SIERRA-GARCIA;  EDGARDO
TORRES-CABRERA; MARIA D. TORRES-HERNANDEZ; JUAN L.
VÁZQUEZ-LOPEZ; RAFAEL ZAYAS-MORALES; CATHERINE
GONZÁLEZ-RIVERA; MAYRA L. ALMODOVAR-CORTÉS; HUMBERTO
VERGARA-AGOSTINI;  ABRAHAM PÉREZ-VALENTÍN; LILLIAN
GARCIA-CHANTA; LUZ E. BURGOS-RAMÍREZ; LUIS R. RAMOS-NAVARRO;
FRANCISCO ESPINOSA-HUERTAS; IVETTE DÍAZ-VÁZQUEZ; JOSÉ O.
RODRÍGUEZ-POMALES; ORLANDO ALDEBOL-BORRERO,

Plaintiffs, Appellants,

FABIÁN LABOY-RODRÍGUEZ; OSVALDO DE LA ROSA-VIDAL;  HÉCTOR
RIVERA-RIVERA; HÉCTOR TORRES-RESTO; MARITZA VÁZQUEZ-RAMOS;
ANTONIO SEDA-ZACOUR;  HUMBERTO VERGARA-AGOSTINI; OMAR
NEGRÓN-SANTIAGO,

Plaintiffs,

v.

ZOIMÉ ÁLVAREZ-RUBIO, in her personal and official capacity as
Executive Director of the State Insurance Fund; SAÚL
RIVERA-RIVERA, in his personal and official capacity as
Human Services Director of the State Insurance Fund;
STATE INSURANCE FUND CORPORATION,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, <u>U.S. District Judge</u>;
Hon. Marcos E. López, <u>U.S. Magistrate Judge</u>]

---

Before

Lynch, <u>Chief Judge</u>,
Howard and Kayatta, <u>Circuit Judges</u>.

---

<u>Jorge Martínez-Luciano</u>, with whom <u>Emil Rodríguez-Escudero</u> and <u>Martínez-Luciano & Rodríguez-Escudero Law Office</u> were on brief, for appellants.
<u>Damaris Ortiz-González</u>, with whom <u>Sifre & Muñoz-Noya PSC</u> was on brief, for appellee State Insurance Fund Corporation.
<u>Tanaira Padilla-Rodríguez</u>, with whom <u>Susana I. Peñagarícano-Brown</u>, Assistant Solicitor General, and <u>Margarita Mercado-Echegaray</u>, Solicitor General, were on brief, for appellees Zoimé Álvarez-Rubio and Saúl Rivera-Rivera.

---

April 3, 2015

---

**LYNCH, Chief Judge**.  These two appeals arise out of similar lawsuits in which plaintiffs, current and previous employees of the Puerto Rico State Insurance Fund Corporation (SIFC), have alleged that defendants, the SIFC and its high-level administrators, selectively enforced Puerto Rico's merit principle against them.  This "selective enforcement" is said to be in violation of the Equal Protection Clause.  U.S. Const. amend. XIV, § 1.

Plaintiffs were appointed from 2001 to 2008 to career managerial positions at the SIFC.  Control of the Puerto Rico government changed parties in early 2009.  A later 2009 audit revealed that these plaintiffs were appointed through internal job postings, rather than through open announcements as required by SIFC regulation.  Finding the appointments to have violated the merit principle, the new administration annulled the appointments.

The Equal Protection Clause does not provide a basis to undo these employment actions.  Rather, this case can be viewed as an effort to circumvent the limits imposed on First Amendment claims.  Indeed, we recently affirmed entry of summary judgment for defendants in a suit by a former employee alleging that a similar annulment constituted political discrimination in violation of the First Amendment.  Reyes-Pérez v. State Ins. Fund Corp., 755 F.3d 49, 50-52, 55 (1st Cir. 2014).  These plaintiffs challenge the annulment under the Equal Protection Clause, expressly disavowing

any First Amendment claim.  The district courts granted summary judgment to defendants because plaintiffs failed to identify similarly situated individuals treated differently by defendants. We affirm on the same basis.

I.

When reviewing a grant of a motion for summary judgment, "we recite the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor."  Id. at 50.

Plaintiffs are thirty-seven individuals who were appointed to career managerial positions at the SIFC, the Puerto Rico government entity that administers the local workers' compensation program, between January 1, 2001, and December 31, 2008.  A "career managerial employee" is one of five employee categories at the SIFC.  The term is defined as a permanent employee of the SIFC "who is assigned semi-skilled and unskilled technical professional duties and who does not belong to any of the appropriate bargaining units for purposes of collective contracting existing in the [SIFC]."  For example, one of the plaintiffs here, José O. Rodríguez-Pomales, held a career managerial position of Budget Officer.

Plaintiffs were appointed while one of Puerto Rico's two major political parties, the Popular Democratic Party (PDP), was in power.  In 2009, when the New Progressive Party (NPP) came to

power, the new administration performed an audit of all personnel transactions that had occurred between January 1, 2001, and December 31, 2008. Defendants reviewed the personnel files of all 3,835 employees at the SIFC. According to the October 28, 2009, audit report, 232 appointments of career managerial employees -- including those of the plaintiffs -- were made through internal job postings rather than public announcements. In the SIFC's view, this exclusion of outside candidates contravened Article 14.1 of the SIFC Employee Manual, which, implementing Puerto Rico's "merit principle," requires that positions be filled "by means of open competition."[1]  See P.R. Laws Ann. tit. 3, § 1461(42) (2011) (defining the "merit principle" as the "concept on which basis all public employees shall be selected, promoted, retained and treated in all matters concerning their employment based upon their capability and without discrimination").  In January 2010, the SIFC began to annul all of those appointments, including those of the plaintiffs, regardless of the appointee's party affiliation. See generally González-Segarra v. State Ins. Fund Corp., 188 P.R. Dec.

_____

[1] In 2003, the SIFC Administrative Director had recommended that the SIFC begin using internal job posting to recruit managerial employees in part because employees had complained that they were consistently losing out to candidates outside the SIFC when seeking managerial positions.  There is no suggestion that this is the type of exception to the merit principle authorized by Puerto Rico law.  See González-Segarra v. State Ins. Fund Corp., 188 P.R. Dec. 252, __ P.R. Offic. Trans. __ (P.R. 2013) (discussing the scope of exceptions to the merit principle and finding that none applied to the parties' appointments from the 2009 audit).

-5-

252, __ P.R. Offic. Trans. __ (P.R. 2013) (describing the events giving rise to the annulments and holding that plaintiffs' appointments made through closed job announcements violate the merit principle).

The Aponte-Ramos plaintiffs filed suit in federal district court in Puerto Rico on December 7, 2010,[2] and the Díaz-Vázquez plaintiffs did so on April 29, 2011. Using 42 U.S.C. § 1983, plaintiffs sued the SIFC, its executive director, and its director of human resources, in both their official and personal capacities, seeking compensatory and punitive damages, as well as injunctive relief reinstating plaintiffs. Both sets of plaintiffs alleged that defendants selectively enforced the merit principle against them, in violation of Equal Protection Clause, along with several other federal and Puerto Rico law claims.[3] The district court in Díaz-Vázquez granted summary judgment for the defendants on October 22, 2013, and denied a motion for reconsideration on December 4, 2013, finding that the plaintiffs had not identified similarly situated individuals who had been treated differently by defendants. See Díaz-Vázquez v. Álvarez-Rubio, Civ. No. 11-1405

---

[2] A second case, filed on May 16, 2011, was consolidated in the district court with Aponte-Ramos on July 6, 2011.

[3] The Díaz-Vázquez plaintiffs asked the district court for voluntary dismissal of their other constitutional claims, which the district court granted. The Díaz-Vázquez district court then declined to exercise supplemental jurisdiction over the state law claims. In both cases, plaintiffs have appealed only on the Equal Protection claim.

(MEL), 2013 WL 6281455, at * 11 (D.P.R. Oct. 22, 2013) (granting summary judgment); Díaz-Vázquez v. Álvarez-Rubio, Civ. No. 11-1405 (MEL), 2013 WL 6282309, at *3 (D.P.R. Dec. 4, 2013) (denying reconsideration). The district court in Aponte-Ramos granted summary judgment for the defendants on December 10, 2013, adopting the reasoning of the Díaz-Vázquez court. This appeal followed.

## II.

We review a district court's grant of summary judgment de novo. Klunder v. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015). In so doing, we "scrutiniz[e] the facts in the light most agreeable" to plaintiffs and "draw[] all reasonable inferences in [their] favor." Id. (quoting Foote v. Town of Bedford, 642 F.3d 80, 82 (1st Cir. 2011)) (internal quotation marks omitted). "Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Tobin v. Fed. Express Corp., 775 F.3d 448, 450 (1st Cir. 2014).

It is generally true that "[u]nder the Equal Protection Clause, persons similarly situated must be accorded similar governmental treatment." Marrero-Gutierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007) (citing City of Cleburne v. Cleburne Living Ctr.,

473 U.S. 432, 439 (1985)).[4] In order to prove an Equal Protection violation, plaintiffs must establish that, compared with other similarly situated individuals, they were "selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See id. (alteration in original) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995)) (internal quotation marks omitted).[5]

"The formula for determining whether individuals or entities are 'similarly situated' for equal protection purposes is not always susceptible to precise demarcation." Id. "[T]he test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. Much as in the lawyer's art of distinguishing cases, the

---

[4] The individual defendants argue that we should construe plaintiffs' claims as First Amendment political discrimination claims, rather than as Fourteenth Amendment selective enforcement claims. See, e.g., Uphoff Figueroa v. Alejandro, 597 F.3d 423, 430 n.8 (1st Cir. 2010) ("An equal protection claim alleging political discrimination merely restates a First Amendment political discrimination claim and . . . should [be] considered under the First Amendment."). Plaintiffs respond that our cases say only that plaintiffs bringing First Amendment claims may not "double-dip" with a selective enforcement claim based on the same legal theory. The argument is beside the point. It is clear that plaintiffs cannot succeed under their asserted selective enforcement theory.

[5] The government has not argued that this claim should be understood as a class-of-one theory, which is barred in the public employment context, see Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008), so we do not address that argument.

'relevant aspects' are those factual elements which determine whether reasoned analogy supports, or demands, a like result." <u>Barrington Cove Ltd. P'ship</u> v. <u>R.I. Hous. & Mortg. Fin. Corp.</u>, 246 F.3d 1, 8 (1st Cir. 2001) (quoting <u>Dartmouth Review</u> v. <u>Dartmouth Coll.</u>, 889 F.2d 13, 19 (1st Cir. 1989), <u>overruled on other grounds by</u> <u>Educadores Puertorriqueños en Acción</u> v. <u>Hernández</u>, 367 F.3d 61 (1st Cir. 2004)) (internal quotation marks omitted). The cases must be similar "<u>in all relevant respects</u>": "[e]xact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, apples should be compared to apples." <u>Id.</u> (quoting <u>Dartmouth Review</u>, 889 F.2d at 19) (internal quotation marks omitted).

Plaintiffs do not argue that there are individuals hired to career managerial positions in violation of the merit principle from 2001 to 2008 whose appointments were not annulled. Rather, they point to two other categories of individuals, appointed earlier by other decisionmakers: (1) a group of individuals appointed without any job announcement, open or closed, in the 1990s, and (2) several physicians appointed to career managerial positions without any job announcement in 1995-1996. They also point to a third category appointed after the time period covered by the audit: union employees appointed though closed job announcements after 2009. These obviously dissimilar appointments simply present different factual situations to which the open

competition requirement may, or may not, apply. Indeed, the Supreme Court of Puerto Rico has rejected any notion that the merit principle applies in the same manner across the board, without regard to context or circumstance. González-Segarra, __ P.R. Offic. Trans. at __.

The first two groups were allegedly appointed to SIFC positions without open job announcements, also allegedly in violation of the merit principle. To plaintiffs, that is similarity enough. Not so. First, plaintiffs have not established that the open competition requirement applied to these individuals at all. Díaz-Vázquez, 2013 WL 6282309, at *1 & n.1.

Plaintiffs fail to identify employees of a similar category hired, promoted, or otherwise appointed in a similar way who were not annulled following a similar audit. They rely primarily on a collection of appointment letters and change reports with dates ranging from 1993 to 1999.[6] The appointments and changes identified in the collection of letters fall into four categories: promotions from temporary status to regular status based on positive performance evaluations, appointments to

---

[6] Plaintiffs also rely on an affidavit from a former SIFC Human Resources employee who states that he has personal knowledge of two categories of appointments, along with individuals appointed to career managerial positions before 2001 without open job announcements. The district court found these allegations "non-specific and insufficient to carry plaintiffs' burden," as they provide "[n]o details about these individuals or the circumstances surrounding their appointments." Díaz-Vázquez, 2013 WL 6281455, at *9 n.3. We agree.

temporary positions, salary increases, and a simple promotion. There is no indication that these appointments involved career managerial employees and were made through internal job postings; to the contrary, it is undisputed that internal job announcements were not used for career managerial employees before 2003 or after 2008.

Individuals given a smorgasbord of status changes through a different process are hardly similarly situated to plaintiffs. Citing González-Segarra, plaintiffs argue that the Puerto Rico Supreme Court has explained that the merit principle applied in full to employees before 2001 and that nominating authorities are obligated to seek out and annul any violations of the merit principle. González-Segarra, however, holds only that appointments which were annulled as a result of the 2009 audit violated the merit principle and were not justified by any exception. Id. The opinion says nothing about the appointments from before 2001.

Finally, the first two groups also had their status changed about a decade before the plaintiffs were appointed. There was no reason for defendants to think these groups were similar. Nor was it unreasonable for defendants to audit only the prior eight years, which constituted the entire period of hiring through closed job announcements. The Constitution does not require the SIFC to audit indefinitely into the past, or even back to the date of the last audit. Cf. Williamson v. Lee Optical of

<u>Okla., Inc.</u>, 348 U.S. 483, 489 (1955) ("[T]he legislature may select one phase of one field and apply a remedy there, neglecting others. The prohibition of the Equal Protection Clause goes no further than the invidious discrimination." (citation omitted)); <u>Beeler</u> v. <u>Rounsavall</u>, 328 F.3d 813, 817 (5th Cir. 2003) (finding that two applicants for a permit were not similarly situated because one was applying for a new permit and one was applying for an existing permit, and the relevant regulation entailed "differential treatment of businesses applying for their first permit and businesses applying to renew their permits").

As to the union employees, plaintiffs do not dispute that the SIFC is legally obligated to appoint some union employees via internal job announcements because of applicable collective bargaining agreements. <u>Díaz-Vázquez</u>, 2013 WL 6282309, at *3. Union employees, by definition, are also not career managerial employees. They are not similarly situated to plaintiffs in the relevant respects.

                              III.

Plaintiffs' Equal Protection claims fail as a matter of law. The district courts' grants of summary judgment are <u>affirmed</u>.

<u>So ordered.</u>