Emma **FERNANDEZ–VARGAS**, etc., et al., Plaintiffs,

v.

**PFIZER PHARMACEUTICALS, INC.**, et al., Defendants.

No. Civ. 04–2236JAF.

United States District Court, D. Puerto Rico.

June 8, 2005.

Francisco M. Troncoso–Cortes, Troncoso & Schell, Juan S. Pagan–Rodriguez, San Juan, PR, for Plaintiffs.

Carl E. Schuster, Mariela Rexach–Rexach, Schuster Usera & Aguilo LLP, San Juan, PR, for Defendants.

## OPINION AND ORDER

FUSTÉ, Chief Judge.

Plaintiffs, Emma Fernández–Vargas, on behalf of herself and her minor son, Christian Jaime Pagán–Fernández, bring the present action against Defendants, Pfizer Pharmaceuticals, Inc. ("Pfizer"); Luis Adorno–Cabán; Emmibel Pagán–Sánchez; Reysha Pagán–Sánchez; Anabel Sánchez–Vale; John Doe; and ABC Insurance Company, for alleged negligent acts that resulted in the death of Plaintiff Fernández–Vargas' consensual partner, Jaime Págan–Avilés. *Docket Document Nos. 6, 26.* Defendants Anabel Sánchez–Vale, Reysha Pagán–Sánchez, and Emmibel Pagán–Sánchez ("Cross-claimants") collectively cross-claim against all other Defendants. *Docket Document No. 35.*

Pfizer moves to dismiss Plaintiffs' ERISA claims and renews its motion to dismiss Plaintiffs' wrongful death claims originally outlined in its December 8, 2004 motion to dismiss. *Docket Document Nos. 5, 28.* Plaintiffs oppose Pfizer's motions. *Docket Document Nos. 13, 30.* Pfizer filed sur-replies to Plaintiffs' oppositions. *Docket Document Nos. 20, 33.* Pfizer also moves to dismiss cross-claims brought against it. *Docket Document No. 37.*

## I.

### Relevant Factual and Procedural History

The relevant factual background to this case was outlined in our February 7, 2005 opinion and order. *Docket Document No. 19.* At that time, we granted Pfizer's motion to dismiss Plaintiffs' tort claim regarding wrongful denial of LTD benefits. *Docket Document No. 5.* We refrained from ruling on Pfizer's alternate grounds for dismissal and gave Plaintiffs until February 22, 2005, to amend their complaint and submit the necessary English translation of the State Insurance Fund ("SIF") decision. *Docket Document No. 19.* On February 9, 2005, Pfizer filed a sur-reply, *Docket Document No. 20,* to Plaintiffs' January 17, 2005 opposition, *Docket Document No. 13.* Plaintiffs submitted their amended complaint and the translation on February 22, 2005. *Docket Document Nos. 25, 26.*

On March 10, 2005, Pfizer filed an additional motion to dismiss, *Docket Document*

*No. 28*, that Plaintiffs opposed on March 21, 2005. *Docket Document No. 30*. Pfizer filed a sur-reply on April 11, 2005. *Docket Document No. 33*.

On April 25, 2005, Cross-claimants answered Plaintiffs' amended complaint and cross-claimed against all other Defendants for the wrongful death of Decedent. *Docket Document No. 35*. Pfizer filed a motion to dismiss cross-claims on May 10, 2005, relying on the same argument of employer immunity contained in its December 8, 2004 motion to dismiss Plaintiffs' complaint. *Docket Document No. 37*.

## II.

### Applicable Legal Standards

**A. Motion to Dismiss under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings if the plaintiff "fail[s] to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). In assessing a motion to dismiss, "we accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor." *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 62 (1st Cir.2004) (citing *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998)); *see also Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993). We then determine whether the plaintiff has stated a claim upon which relief can be granted.

We note that a plaintiff must satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Morales–Villalobos v. Garcia–Llorens*, 316 F.3d 51, 52–53 (1st Cir.2003); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53,

55–56 (1st Cir.1999). A plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.R.CIV.P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. *Swierkiewicz*, 534 U.S. at 512–15, 122 S.Ct. 992. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. 992 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

**B. Lack of Subject Matter Jurisdiction under Rule 12(b)(1)**

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. *See* FED.R.CIV.P. 12(b)(1). Because federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence. *See Skwira v. United States*, 344 F.3d 64, 71 (1st Cir.2003) (citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995)). In assessing a motion to dismiss for lack of subject matter jurisdiction, a district court must accept the plaintiff's version of the relevant facts, and draw all reasonable inferences from such jurisdictionally-significant facts in the plaintiff's favor. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001). In addition, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *Id.* at 363.

## III.

### Analysis

**A. ERISA Claims**

Plaintiff Fernández–Vargas seeks recovery for Pfizer's alleged wrongful denial of

long-term disability benefits available to her as a Pfizer employee and participant in its ERISA covered plan. *Docket Document No. 26.* Pfizer argues that Plaintiff Fernández–Vargas' ERISA claim should be dismissed because Plaintiff Fernández–Vargas failed to exhaust the available administrative remedies. *Docket Document Nos. 28, 33.* Pfizer submits that Plaintiff Fernández–Vargas' claim should be dismissed under either the 12(b)(1) or 12(b)(6) standard. *Docket Document No. 28.*

Plaintiffs also allege that they are entitled to benefits due Decedent under the ERISA covered plan, such as the proceeds from a profit-sharing plan and a stock-option plan. *Docket Document No. 26,* ¶ *20.* Pfizer counters that Plaintiffs lack standing to seek these benefits under ERISA. *Docket Document Nos. 28, 33.*

### 1. *Whether to Consider "Failure to Exhaust" Under a 12(b)(1) or 12(b)(6) Standard*

 Courts disagree as to the appropriate standard for a motion to dismiss an ERISA claim for failure to exhaust administrative remedies. Some courts assume that such a motion should proceed under the 12(b)(1) standard. *See, e.g., Corsini v. United Healthcare Corp.,* 965 F.Supp. 265, 268 (D.R.I.1997) ("A plaintiff's failure to exhaust administrative remedies, when exhaustion is required, has been held to deprive a federal court of subject matter jurisdiction." (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 195 (2d ed.1990))).

 Courts that have directly addressed the question, however, have determined that the 12(b)(6) standard is more appropriate. *See, e.g., Coleman v. Pension Benefit Guar. Corp.,* 94 F.Supp.2d 18, 21 n. 4 (D.D.C.2000); *Hager v. Nations-Bank N.A.,* 167 F.3d 245, 248 n. 3 (5th

Cir.1999). ERISA does not expressly require exhaustion of administrative remedies, but courts have required exhaustion as a matter of judicial discretion. *See Drinkwater v. Metro. Life Ins.,* 846 F.2d 821, 825–26 (1st Cir.1988); *Tarr v. State Mut. Life Assur. Co. of Am.,* 913 F.Supp. 40, 44 (D.Mass.1996); *cf. McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs.") (citations omitted). Because the courts and not ERISA mandate exhaustion of remedies, exhaustion is not a prerequisite to jurisdiction. *See Chailland v. Brown & Root, Inc.,* 45 F.3d 947, 950 n. 6 (5th Cir.1995); *Coleman,* 94 F.Supp.2d at 21 n. 4. Thus, in the absence of clear First Circuit precedent on this issue, we adopt a 12(b)(6) standard for failure to exhaust administrative remedies under ERISA.

### 2. *ERISA Claim for Denial of Long Term Disability Benefits*

Pfizer moves to dismiss largely on the grounds that "[a] complaint must set forth factual allegations, either directly or inferential respecting each material element necessary to sustain recovery under some actionable legal theory." *Docket Document No. 28* (quoting *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997)). Pfizer argues that Plaintiffs' amended complaint, *Docket Document No. 26,* fails to aver that Plaintiff Fernández–Vargas pursued the appeal procedures outlined in Pfizer's Long Term Disability Plan, *Docket Document No. 28, Exh. 1,* and, therefore, Plaintiff Fernández–Vargas' complaint fails to state a claim on which relief can be granted. *Docket Document No. 28, 33.*

Given the simplified notice pleading standard outlined above, and based on the

12(b)(6) standard we deemed appropriate, we deny Pfizer's motion to dismiss Plaintiff Fernández–Vargas' claim for wrongful denial of long term disability benefits. "Under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). *Swierkiewicz,* decided five years after the *Berner* case cited by Pfizer, makes clear that each material element of a claim need not be pleaded. *Id.* Rather, a plaintiff need only set forth "a short and plain statement of the claim," FED.R.CIV.P. 8(a)(2), giving the respondent fair notice. *Swierkiewicz,* 534 U.S. at 512–15, 122 S.Ct. 992. Nevertheless, the First Circuit has made clear that "notice pleading notwithstanding, rule 12(b)(6) is not a toothless tiger," and that "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción,* 367 F.3d at 67–68 (interpreting *Swierkiewicz* ).

■ Plaintiffs' amended complaint establishes the necessary minimal facts. *Docket Document No. 26.* The complaint reads in part:

> Pfizer could have avoided, or mitigated, the damages narrated in the previous paragraph, by granting [Plaintiff Fernández–Vargas] the long term disability [sic] which are offered to all of its employees through an ERISA covered plan, benefits which Pfizer denied to

plaintiff Mrs. Emma Fernández, notwithstanding the fact that she timely requested the long term disability benefits to which she is entitled as an employee of Pfizer and which she continued to seek even after Pfizer's initial denial of long term disability benefits.

*Docket Document No. 26.* In short, the complaint alleges that Pfizer denied Plaintiff Fernández–Vargas benefits to which she was entitled. *Id.* Plaintiff avers that she was entitled to these benefits as a result of the mental anguish she suffered in response to Decedent's death. *Id.* Although the complaint does not establish the specific time-line for Plaintiff Fernandez–Vargas' application . for benefits and the subsequent denial by Pfizer, a general time-line can be inferred from Plaintiff's allegations.

■ Plaintiff Fernández–Vargas does not directly allege that she exhausted the administrative options available to her, but notice pleading does not require such an averment in the complaint.[1] *Swierkiewicz,* 534 U.S. at 511, 122 S.Ct. 992. The complaint must simply give Defendant notice of the claim, and Plaintiff's complaint has accomplished that purpose.

We also note *Swierkiewicz's* reminder that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56." *Id.* We

---

1. Even if such an averment were required, we read the statement, "and which she continued to seek even after Pfizer's initial denial," *Docket Document No. 26,* to indicate exhaustion of administrative remedies. We infer an assertion of exhaustion because all reasonable inferences must be made in the plaintiff's favor, *Educadores Puertorriqueños en Acción v. Hernández,* 367 F.3d 61, 62 (1st Cir.2004) (citing *LaChapelle v. Berkshire Life Ins. Co.,*

142 F.3d 507, 508 (1st Cir.1998)), and because a claim may only be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Such certainty is not present here.

find those routes more appropriate than dismissal under 12(b)(6).

### 3. *ERISA Claim for Benefits Due Decedent*

■ ERISA gives plan participants and beneficiaries the power to sue, 29 U.S.C.A. § 1132 (West 1999 & Supp.2004), and defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan." 29 U.S.C. § 1002(8) (West 1999 & Supp.2004). Pfizer seeks dismissal because Plaintiffs' complaint does not aver that Plaintiffs are beneficiaries of Decedent's benefits plan. *Docket Document Nos. 28, 33.*

It is implicit to the complaint that Plaintiffs believe that they are beneficiaries under Decedent's plan. *Docket Document No. 26.* Thus, dismissal on these grounds would be needlessly premature when discovery can easily resolve this issue.

### B. *Plaintiffs' Wrongful Death Claims*

As summarized in our February 7, 2005 opinion and order, *Docket Document No. 19,* Pfizer argues that the injury upon which Plaintiffs' claims are predicated is covered by the Workmen's Accident Compensation Act ("Act"). Therefore, Pfizer argues that this court lacks jurisdiction to consider Plaintiffs' tort claims because the Act provides Pfizer immunity from suit. *Docket Document No. 5* (citing *Onna v. The Texas Co.,* 64 P.R.R. 497, 1945 WL 6119 (1945)).

Plaintiffs counter that the injury is not covered by the Act because the SIF determined that Decedent's death was unrelated to his occupation and, therefore, not compensable under the Act. *Docket Document Nos. 13, 25.* Plaintiffs argue that because the SIF denied Plaintiffs' claim for benefits, Pfizer's immunity does not apply. *Docket Document No. 13.*

### 1. *Review of SIF Decision*

■ The employer immunity Pfizer invokes only applies if an injury is compensable under the Act. 11 L.P.R.A. §§ 17, 21 (2003); *Catala Melendez v. Soto Rios,* 148 D.P.R. 94, 102 (1999). Pfizer asserts that, contrary to the SIF's determination, Decedent's injury should have been compensable under the Act, thereby making Pfizer immune from tort liability. *Docket Document No. 20.* Pfizer submits that a SIF finding that the Workmen's Compensation Act does not cover a particular injury does not preclude an employer from asserting its immunity under the Act's exclusiveness of remedy provision, 11 L.P.R.A. § 21. *Docket Document No. 20.* Pfizer contends that because an employer cannot be a party to the proceedings before the SIF, it cannot be bound by the SIF's findings. *Id.* Thus, Pfizer asserts, a court may review the SIF's findings in order to determine whether an employer's immunity applies. *Id.*

"[C]ollateral estoppel doctrine requires that litigant be afforded 'one full and fair opportunity for judicial resolution' of the issue." *Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973, 981 (1st Cir.1995)(quoting *Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 328, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). Because Pfizer was not a party to the SIF proceedings, and was not allowed by law to intervene in the proceedings or appeal the decision, it cannot be precluded from challenging the SIF's decision in order to assert its immunity under the Act. *See Negrón Marrero v. C.I.T. Fin. Servs. Corp.,* 111 D.P.R. 657, 11 P.R. Offic. Trans. 828, 1981 WL 176449 (1981). Thus, we need not defer to the SIF's decision to determine if Decedent's death is compensable under the Act.

### 2. *Compensable Injuries Under the Act*

Compensable injuries are those that occur as a result of an accident that: (1) originates from an act or function of the worker; (2) is inherent to the worker's work or employment; and (3) occurs in the course of such work or employment. *Catala*, 148 D.P.R. at 100; *see also* 11 L.P.R.A. § 2 (2003); *Rivera v. Indus. Comm'n*, 101 D.P.R. 56, 58, 1 P.R. Offic. Trans. 83, 86, 1973 WL 35697 (1973); *Cardona v. Indus. Comm'n*, 56 P.R.R. 813, 821, 1940 WL 7967 (1940). In other words, "there must be a nexus or causal relation between the injury or disease of the worker and the work performed." *Pacheco Pietri v. Commonwealth*, 133 D.P.R. 907, 916, 1993 P.R.-Eng. 839817, 1993 WL 839817 (Westlaw)(1993). The Act also provides that its provisions "shall be construed liberally, and any reasonable doubt that may arise as to [the Act's] application with regard to the existence of causal relation between the work . . . and the injury . . . shall be decided in favor of the workman. . . ." 11 L.P.R.A. § 2.

■ The SIF determined that Decedent's death was not work-related and, therefore, not compensable. *Docket Document No. 25, Exh. 1*. The SIF decision indicates that, based on its investigation, "the aggression occurred when [Decedent's] co-worker, in a joking manner, threatened the injured party with a firearm that accidentally went off." *Id.* The SIF concluded that the injury was not work-related because it was not related to "the functions performed by the employee, nor [to] the functions performed by the assailant, [and] it does not constitute an occupational risk nor a risk of the work environment. . . ." *Id.*

Adopting a more liberal stance, Puerto Rico courts have held that if an accident occurs on an employer's premises, the causal connection required to make the injury compensable is satisfied. In *Candelaria v. Comision Industrial*, the court held that being struck by lightning while at work was compensable because there was "a causal relation between the death or injury caused by thunderbolt, and the fact that at the moment of striking . . . the workman was at his work." 85 P.R.R. 18, 22, 1962 WL 14872 (1962). The *Candelaria* court also noted that, "[t]he personal comfort rule makes compensable, as an incidental work risk, the period of time taken by a workman in going to or coming from his work, taking a rest during working periods, or lunchtime, if he remains within the premises of his employer." *Id.*

Likewise, in *Cordero v. Industrial Commission*, the court held that a worker's death, resulting from a car accident on a public highway was compensable, because the worker was standing on his employer's property adjacent to the highway. 61 P.R.R. 40 (1942). Similarly, in *Manager of the State Insurance Fund v. Industrial Commission*, a stray bullet hit a worker on the sidewalk outside the warehouse in which he worked during a street fracas between police, National Guard, and Nationalists. 73 P.R.R. 14 (1952). The court held that because the worker was about to enter the warehouse door, "said accident could be considered as having occurred in the premises of the employer," and the injury was, therefore, compensable. *Id.* at 24.

Although these cases are somewhat outdated, we are unable to find, nor do Plaintiffs direct us to, more recent cases that challenge their holdings. The present situation substantially mirrors that in *Manager v. Industrial Commission*, in which the court found compensable an injury from a stray bullet which was neither related to the worker's functions, nor an inherent employment risk. In fact, once

the worker entered the warehouse doors he would have been safe from any outside activities. Under this line of case law, because the accident at issue occurred on work premises, it was sufficiently work-related and thus compensable. Accordingly, we find that Decedent's death is compensable under the Act.

### 3. *Intentional Aggression?*

Although Plaintiffs ask us to rely on the SIF decision, which indicates that the accident was unintentional, as the basis for denying Pfizer's motion to dismiss, Plaintiffs' amended complaint avers that co-defendant Luis Adorno–Cabán "intentionally shot the decedent."[2] *Docket Document No. 26.* Assuming Decedent died as a result of an intentional shooting, the injury would fall under the line of cases dealing with "intentional aggressions." *See, e.g., Ortiz Pérez v. del Estado,* 137 D.P.R. 367, 1994 WL 909631 (1994). In cases where the intentional aggression is unexplained or without a known motive, the benefit of the doubt favors the worker, and it must be assumed that the aggression was "work-related" and, therefore, compensable. *See Id.* The presumption in favor of coverage fails only if the aggression is motivated by personal or private matters unrelated to work. *See Id.*

Plaintiffs, however, make no assertion that the shooting was motivated by personal or private matters outside work. *See Docket Document No. 26.* Thus, whether relying on the facts suggested by the amended complaint or by the SIF decision, we find that Decedent's death is compensable under the Workmen's Compensation Act. As such, the Act was Plaintiffs' exclusive remedy, and Pfizer's employer immunity applies. Accordingly, we grant

Pfizer's motion to dismiss. *Docket Document Nos. 5, 20.*

### C. *Cross-claimants' Wrongful Death Claims against Pfizer*

Cross-claimants base their claims against Pfizer on the same set of facts as Plaintiffs, and rely on the SIF decision to contest Pfizer's employer immunity. *Docket Document No. 35.* Because Cross-claimants raise no new issues of law or fact that would affect our determination that Decedent's death was compensable under the Act, we dismiss Cross-claimants' claims against Pfizer. *Id.*

### D. *Wrongful Death Claims against Luis Adorno–Cabán*

■ Finally, we consider whether to exercise supplemental jurisdiction over Plaintiffs' and Cross-claimants' state law claims against Defendant Luis Adorno–Cabán. Supplemental jurisdiction is "a doctrine of discretion" based on "considerations of judicial economy, convenience and fairness to litigants." *United States Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (2004). Section 1367 essentially codified the Supreme Court's decision in *Gibbs,* in which the Court stated that supplemental jurisdiction exists over a state law claim joined to a federal claim when the claims "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966);

---

**2.** The original complaint averred that Adorno–Cabán "guiltily" shot the decedent, indicating either a negligent or reckless accident or an intentional shooting. *Docket Document No. 6.*

see *Vera–Lozano v. Int'l Broad.*, 50 F.3d 67, 70 (1st Cir.1995); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1175 (1st Cir.1995).

■ Because we dismissed the wrongful death claims against Pfizer, the wrongful death claims against Adorno–Cabán and the remaining ERISA claims against Pfizer no longer "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130. These claims against two different defendants for two distinct acts would not ordinarily be tried in the same judicial proceeding. *Id.* We, therefore, decline to exercise supplemental jurisdiction over all claims against co-defendant Luis Adorno–Cabán, and dismiss such claims without prejudice.

## IV.

### *Conclusion*

In accordance with the foregoing, we DENY Pfizer's motion to dismiss the ERISA claims contained in paragraphs seventeen through twenty of Plaintiffs' amended complaint. *Docket Document No. 26.* We order the parties to proceed on the schedule previously outlined by this court. *Docket Document No. 12.* We also order a hearing on *June 27, 2005, at 1:30 P.M.*, to show cause as to whether Cross-claimants should remain in the ERISA suit and, if so, whether they are appropriately joined as co-defendants.

We **GRANT** Pfizer's motions to dismiss the wrongful death claims arising out of Pfizer's alleged negligence. *Docket Document Nos. 5, 37.* The claims against Pfizer contained in paragraphs one through sixteen and paragraph twenty-one of Plaintiffs' amended complaint are thereby dismissed. *Docket Document No. 26.* The cross-claims against Pfizer contained in *Docket Document No. 35* are also **DISMISSED.**

Finally, all claims by Plaintiffs and Cross-claimants against Defendant Luis Adorno–Cabán are **DISMISSED** without prejudice. *Docket Document Nos. 26, 35.*

**IT IS SO ORDERED.**